IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LOUIS SIMONE ASHFORD,          )
                               )
          Plaintiff,           )
                               )
     v.                        )          Civil Action No. 1:22-cv-1189 (RDA/JFA)
                               )
A. SMITH, *et al.*,             )
                               )
          Defendants.          )

## MEMORANDUM OPINION AND ORDER

Louis Simone Ashford, a Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was detained at the Fairfax County Adult Detention Center. Dkt. 1. Plaintiff also seeks appointment of counsel and leave to proceed *in forma pauperis* ("*IFP*"). Dkt. 12. Because Plaintiff is a prisoner, his amended complaint must be screened to determine whether it is "frivolous, malicious, or fails to state any claims upon which relief may be granted." 28 U.S.C. § 1915A.[1]

### I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless legal theory," or where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp.

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

          (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

          (2) seeks monetary relief from a defendant who is immune from such relief.

417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alterations in original). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (noting that a pleading "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Complaint

The complaint is conclusory and vague. Plaintiff alleges that on September 7, 2022, Sergeant Foster wrote a "false report" about him that "humiliated" him and caused him to be placed in an "unsafe environment," that he missed a regular meal (but was given two sandwiches), and

that he was denied his medical records because of Foster's "discrimination towards" him. Dkt. 1 at 4, 9.

Plaintiff next complains about a Lieutenant Aardema and alleges Aardema, in reference to a "PREA" (Prison Rape Elimination Act) report investigation, accused Plaintiff of "lying about a report without investigating" and still "picks on" Plaintiff. Plaintiff, in some unspecified manner, complained to a Captain Smith, who Plaintiff alleges took Aardema's side without "investigating anything." *Id.* at 4.

Plaintiff next complains about problems with telephone calls to his lawyer and family. *Id.* at 4. He alleges he was unable to talk with his lawyer because it was "inconvenien[t] for [his] lawyer." *Id.* at 9.

Plaintiff's next complaint is that he was treated like an animal because his water was cut off on October 6, 2022, and he was not offered water or access to a toilet every hour. *Id.*.

Plaintiff also has a vague complaint that concerns the use of another inmate's "pin" number for "in-house charges." *Id.* at 4, 9.

### III. Analysis

Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"). Further, Plaintiff's complaint does not comply with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(e)(1). A

3

court may dismiss a complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, Plaintiff's complaint contains no "short and plain statement" of a claim, nor is it "concise and direct," and the terse narrative renders the complaint vague and conclusory.

In addition to not complying with Rule 8, the complaint has numerous deficiencies. First, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct "committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint "must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against [that defendant]." *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010). Plaintiff's various complaints fail to link a defendant with a deprivation or violation of a named constitutional right.

Next, the filing of a false disciplinary charge alone does not violate a prisoner's civil rights — it is only where there is a resulting Due Process violation in proceedings on the allegedly false charge that will give rise to a constitutional claim. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) ("[D]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly falsified evidence and groundless misconduct reports. Thus, so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.") (citing *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986)).

The references to missing a regular meal, when he was provided with sandwiches, and not being provided with medical records are not linked to any alleged constitutional right and are too

conclusory to construe. Similarly, the reference to PREA, the allegations of not getting water or access to a toilet every hour for a day, and the vague reference to an institutional charge and another inmate's "pin" number have no factual context.

Finally, Plaintiff has no constitutional right to use the telephone. *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *see Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (holding that prisoners have no right to unlimited telephone use); *see also Pope v. Hightower*, 101 F.3d 1382, 1385 (11th Cir. 1996) (holding that an inmate's First Amendment rights were not violated because he had an "alternative means" of communicating with persons outside the prison). Further, "[p]rison officials, exercise 'wide discretion' in determining the manner and method that inmates will be allowed to access the court system and their attorneys; prisoners are not entitled to any particular method of access to the courts or to their lawyers." *United States v. Lentz*, 419 F. Supp. 2d 820, 835 (E.D. Va. 2005).

In addition to the numerous deficiencies, it is clear that the various references involve different possible defendants, unrelated matters, and occurred on different dates and therefore the unrelated matters run afoul of Rules 18 and 20 of the Federal Rules of Civil Procedure, the rules on joinder. Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Nevertheless, when a party seeks to bring multiple claims against multiple defendants, he must also satisfy Rule 20, which provides in pertinent part:

> (2) Defendants. Persons … may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues." *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)).

In deference to his *pro se* status, the Court will allow Plaintiff an opportunity to amend his complaint to comply with Rules 18 and 20, and to cure the deficiencies noted herein.  In the amended pleadings, Plaintiff may choose which incident he wishes to pursue in this action.  If Plaintiff wishes to proceed as to the other unrelated matters he has raised in his original complaint, he is advised that he must do so through separate lawsuits and that he will incur a filing fee for each suit he initiates.

The amended complaint shall separately number each claim that Plaintiff seeks to raise by letter or number.  Each subsequent claim shall be designated by the appropriate letter or number. Each designated claim shall provide a statement of the claim and included in that statement the Plaintiff shall identify the federal right he alleges has been violated.  Thereafter, Plaintiff will name the defendants associated with each claim, and provide the facts associated with the claim.  In setting forth the specifics and facts of his claim, Plaintiff should use defendants' names rather than a generic designation of "defendants" or staff, which would assist in clarifying the matter and allow a defendant to respond.  The facts must include dates as to when matters occurred.  The factual allegations should be set forth in numbered paragraphs for ease of reference.

In setting forth the facts in his amended complaint, Plaintiff should refrain from presenting arguments, editorializing, and trying to be dramatic, all of which inhibit the ability to comprehend

6

the nature of the claim Plaintiff is attempting to present. If Plaintiff wishes to discuss case law or argue matters, he is free to file a separate brief or memorandum in support. Plaintiff is expressly advised that the amended complaint supersedes the original complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (holding that, as a general rule, an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

## IV. Counsel and IFP

"A *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *Id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *Whisenant*, 739 F.2d at 163. Here, as noted, Plaintiff has not stated a claim upon which relief can be granted and his motion will be denied without prejudice.

Plaintiff's institution has supplied information on Plaintiff's inmate account reflecting that, for the past six months, Plaintiff had an average monthly deposit of $0.00, an average negative monthly balance of $0.00, and a balance of $0.00 at the time of inquiry. Despite the fact that Plaintiff's trust account currently has no balance, 28 U.S.C. § 1915(b)(1) requires the Court to assess and, when funds are available, collect an initial filing fee of 20% of a Plaintiff's average monthly deposits or average monthly balance—whichever is higher. 28 U.S.C. § 1915(b)(1). In this case, Plaintiff will not be required to remit a partial initial filing fee. Going forward, Plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the Plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28

7

U.S.C. § 1915(b)(2). This requirement shall continue until the full filing fee has been paid, even after this civil action is resolved or dismissed.

Accordingly, it is hereby ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is

FURTHER ORDERED that Plaintiff's motion to appoint counsel [Dkt. 6] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. 2, 7] be and is GRANTED and Plaintiff's complaint is deemed filed as of this date; and it is

FURTHER ORDERED that Plaintiff's failure to leave twenty percent (20%) of his monthly deposits in his inmate account in accordance with the Consent Form constitutes cause for dismissal of this civil action; and it is

FURTHER ORDERED that Plaintiff's correctional institution send to the Clerk twenty percent (20%) of Plaintiff's preceding month's income any time his monthly account balance is at least $10.00 until the full $350.00 filing fee has been paid. Should Plaintiff fail to keep twenty percent (20%) of his preceding month's income in his account, the correctional institution is ordered to complete the enclosed Report of Violation of the Consent Order and return it to this court; and it is

FURTHER ORDERED that Plaintiff particularize and amend his complaint in a second amended complaint within thirty (30) days of the date of this Order using the enclosed standardized § 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident,

8

the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, (iv) and curing the deficiencies noted herein.  The amended complaint must comply with the rules on joinder.  Plaintiff must reallege all the facts from his original and first amended complaint in this second amended complaint and he must include his civil action number, No. **1:22cv1189 (RDA/JFA)**, on the first page of his amended complaint.  Plaintiff is advised that this second amended complaint will serve as the sole complaint in this civil action; and it is

FURTHER ORDERED that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff; and a copy of this Order, the signed Consent Form [Dkt. 12], and the Report of Violation of the Consent Order to Plaintiff's correctional institution.

Entered this ___7___ day of _____ 2023.

Alexandria, Virginia

_____/s/_____
Rossie D. Alston, Jr.
United States District Judge

9